IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHRISTOPHER WRIGHT,<br><br>*Plaintiff,*<br><br>v.<br><br>Commissioner TIMOTHY WARD, *et al.,*<br><br>*Defendants.* | CIVIL ACTION NO.<br>**5:22-cv-00324-TES** |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Before the Court is Defendants' Motion to Dismiss [Doc. 26], asking the Court to

dismiss Plaintiff's Complaint [Doc. 1] for various reasons. First, Defendants assert that

Plaintiff's Complaint is an improper shotgun pleading. Second, Defendants argue that

Plaintiff failed to exhaust his administrative remedies as to certain claims. Finally,

Defendants assert that Plaintiff fails to state a claim for the remaining claims.

## BACKGROUND

Plaintiff's Complaint alleges that while he was on detail as a Chaplain's Aide at

Macon State Prison ("MSP"), a group of inmates attacked him and the Chaplain with

homemade icepicks, knives, and locks. [Doc. 1, ¶¶ 16–18]. Plaintiff alleges that no

security officers were present in the dormitory where the attack occurred. [*Id.* at ¶ 20].

After being escorted back to the medical department, medical staff called for an

ambulance to transport Plaintiff to a hospital. [*Id.* at ¶ 22]. At the hospital, doctors

diagnosed Plaintiff with a fractured skull and a collapsed lung. [*Id.* at ¶ 23]. He then

received surgical sutures, staples, and a chest tube. [*Id.*]. Plaintiff alleges that he "has

been denied after care for his injuries," including medication refills and physical

therapy. [*Id.* at ¶ 24].

Plaintiff filed his Complaint on September 7, 2022, in which he asserts claims

against 12 defendants—all supervisors—for the incident and following lack of medical

care.[1] As enumerated in his Complaint, Plaintiff alleges: (1) failure to secure MSP; and

(2) violations of the Eighth and Fourteenth Amendments. *See generally* [Doc. 1]. He also

sues each Defendant in their official and individual capacities.

Defendants filed the instant Motion to Dismiss [Doc. 26] on October 4, 2022.

## DISCUSSION

### I.    Shotgun Pleading

The Court begins by addressing Defendants' motion for the Court to dismiss

Plaintiff's Complaint as a prohibited shotgun pleading.

---

[1] Specifically, Plaintiff names Commissioner Timothy Ward, Regional Director Benjamin Ford, Deputy Warden James Hall, Assistant Commissioner Ahmed Holt, Deputy Warden Deseree Jones, Deputy Warden Mistie Jones, Deputy Warden Lachaka McKenzie, Deputy Warden Timothy Sales, Assistant Commissioner Jack Sauls, Warden Tamarshe Smith, Field Operations Director Robert Toole, and an unspecified number of John Doe Employees. But, generally "fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). There is a limited exception to this rule when the plaintiff's description is so specific as to be "at the very worst, surplusage." *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992). Plaintiff's description of the John Doe Employees doesn't fit that bill, as he offers no description of the alleged John Doe Defendants or their consequence to the case. Accordingly, the Court **DISMISSES** Plaintiff's claim against all John Doe Employees.

So far, the Eleventh Circuit has identified four types of "shotgun pleadings."

*McDonough v. City of Homestead*, 771 F. App'x 952, 955 (11th Cir. 2019). Such complaints

are characterized by:

> (1) multiple counts that each adopt the allegations of all preceding counts;
> (2) conclusory, vague, and immaterial facts that do not clearly connect to a
> particular cause of action; (3) failing to separate each cause of action or
> claim for relief into distinct counts; or (4) combining multiple claims against
> multiple defendants without specifying which defendant is responsible for
> which act.

*Id.* Of these, "[t]he most common type" of shotgun pleading "by a long shot[,] is a

complaint containing multiple counts where each count adopts the allegations of all

preceding counts, causing each successive count to carry all that came before and the

last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty.*

*Sheriff's Office,* 792 F.3d 1313, 1323 (11th Cir. 2015). To explain the Court's concern with

Plaintiff's Complaint as drafted, the inherent issue in this type of pleading is that the

district court, as well as all named defendants, must "cull through [all factual]

allegations, identify the claims, and, as to each claim identified, select the allegations

that appear to be germane to the claim." *Ledford v. Peeples*, 657 F.3d 1222, 1239 (11th Cir.

2011); *see also Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

The burden to draft a rule-compliant, comprehensible pleading rests solely upon

plaintiffs. *Bryant v. Norfolk S. R.R.*, No. 5:20-cv-00225-TES, 2020 WL 5521044, at *5 (M.D.

Ga. Sept. 14, 2020). The onus to "sift through facts presented" in an effort to determine

which factual allegations apply to which claims should never fall to a defendant or to a

district court. *Id.*; *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1385 (11th Cir. 2020) ("It is not the proper function of courts in this Circuit to parse out such incomprehensible allegations, which is why we have stated that a district court that receives a shotgun pleading should strike it and instruct counsel to replead the case — even if the other party does not move the court to strike the pleading.").

Defendants correctly argue that Plaintiff's Complaint is plagued by all four descriptors of a typical shotgun pleading. [Doc. 26, p. 3]. To be sure, Plaintiff's Complaint: (1) alleges the same facts by adoption into multiple counts; (2) offers vague facts that are not clearly connected to a particular claim; (3) fails to separate each claim into distinct counts; and (4) doesn't clarify which Defendant is responsible for which claim(s). This type of pleading is that of which "[c]ourts in the Eleventh Circuit have little tolerance," as they "waste scarce judicial resources," and cause problems for litigants and the Court. *Vibe Micro, Inc.*, 878 F.3d at 1295. In his Response [Doc. 28], Plaintiff offers little help to the Court's analysis, and even less of a viable defense of the Complaint. Rather, Plaintiff sloppily cites to cases that precede the operative pleading standards so that they are no longer applicable. Indeed, the vast majority of Plaintiff's citations rely on cases that the United States Supreme Court and circuit courts abrogated following the updated pleading standards found in *Iqbal* and *Twombly*. *See, e.g., Conley v. Gibson*, 355 U.S. 41 (1957).

Typically, the Eleventh Circuit requires courts to give litigants who are

represented by counsel a chance to amend their complaint. *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2001). But that does not apply to claims that are dismissed on the merits. *See Vibe Micro, Inc.*, 878 F.3d at 1295. Here, Plaintiff learned of the deficiencies in his pleadings when Defendants moved to dismiss. And, Defendants' Motion also pointed out the very case law he needed to comply with if he wanted his Complaint to survive this stage. Rather than taking the opportunity to seek leave to amend his Complaint, he boldly doubled down and even inserted new claims in his Response [Doc. 28]. But, adding new claims in a response to a motion to dismiss isn't the proper way to assert new allegations. *See Rosenberg v. Gould*, 554 F.3d 962 (11th Cir. 2009). Plaintiff didn't even request leave to amend in his Response. Instead, he just unilaterally added claims without the Court's leave. Therefore, the Court is under no obligation to allow Plaintiff to amend or consider those new claims at this stage. *See Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) ("Failure to properly request leave to amend, when [the plaintiff] had adequate opportunity and time to do so, precludes the plaintiff's argument on appeal that the district court abused its discretion in denying [the plaintiff] leave to amend [his] complaint.").

Even if the Court didn't dismiss Plaintiff's on the merits, the Court highly doubts he would have been entitled to another chance to replead given his wasted opportunities to do so. Notwithstanding the serious and numerous shortcomings with Plaintiff's Complaint, the Court waded through it to evaluate each claim on the merits.

## II.      Motion to Dismiss

When ruling on a 12(b)(6) motion, district courts must accept the facts set forth in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). A complaint survives a motion to dismiss only if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). In fact, a well-pled complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citations omitted).

Although Federal Rule of Civil Procedure 8 does not require detailed factual allegations, it does require "more than [ ] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *McCullough*, 907 F.3d at 1333 (citation omitted). To decide whether a complaint survives a motion to dismiss, district courts are instructed to use a two-step framework. *Id.* The first step is to identify the allegations that are "no more than mere conclusions." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Conclusory allegations are not entitled to the assumption of truth." *Id.* (citation omitted). After disregarding the conclusory allegations, the second step is to "assume any remaining factual allegations are true and determine whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Furthermore, a complaint attacked by a 12(b)(6) motion is subject to dismissal

when it fails to "give the defendant fair notice of what the . . . claim is and the grounds

upon which it rests." *Twombly*, 550 U.S. at 555. "A plaintiff must plead more than labels

and conclusions or a formulaic recitation of the elements of a cause of action."

*McCullough*, 907 F.3d at 1333 (internal quotations omitted); *see also Twombly*, 550 U.S. at

555. "To be sure, a plaintiff may use legal conclusions to structure his complaint, but

legal conclusions 'must be supported by factual allegations.'" *McCullough*, 907 F.3d at

1333 (quoting *Iqbal*, 556 U.S. at 679). While courts, in ruling on a motion to dismiss, must

take all of the factual allegations in the complaint as true; they are not bound to accept a

legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678. Courts must

"identify conclusory allegations and then discard them—not 'on the ground that they

are unrealistic or nonsensical' but because their conclusory nature 'disentitles them to

the presumption of truth.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 681).

The issue to be decided when considering a motion to dismiss is not whether the

claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence

to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other*

*grounds by Davis v. Scheuer*, 468 U.S. 183 (1984). The factual allegations in a complaint

"must be enough to raise a right to relief above the speculative level" and cannot

"merely create[] a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at

545, 555. Finally, complaints that tender "'naked assertion[s]' devoid of 'further factual

enhancement'" will not survive against a motion to dismiss. *Iqbal*, 556 U.S. at 678

(quoting *Twombly*, 550 U.S. at 557) (alteration in original). Stated differently, the

complaint must allege enough facts "to raise a reasonable expectation that discovery

will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556.

### A.      Claims Against Defendants in Official Capacities

Defendants correctly point out that when a plaintiff sues a state official in his or

her official capacity, he effectively sues the state itself. *See Kentucky v. Graham*, 473 U.S.

159, 165 (1985). As such, Defendants argue, Plaintiff's official-capacity claims fail. The

Court agrees.

First, it is well-established that the "Eleventh Amendment insulates a state from

suit brought by individuals in federal court unless the state either consents to suit or

waives its Eleventh Amendment immunity." *Stevens v. Gay*, 864 F.2d 113, 114 (11th Cir.

1989). Without a state's consent or waiver, Congress may explicitly abrogate Eleventh

Amendment immunity—however, Congress must state that intention clearly and the

act must be pursuant to a valid grant of Congressional authority. *See Bd. Tr. Univ.*

*Alabama v. Garrett*, 531 U.S. 356 (2001). When it comes to the 42 U.S.C. § 1983 arena,

Congress did neither, as it didn't intend to disturb Eleventh Amendment immunity

under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65 (1989); *Stephens v. Ga.*

*Dep't Transp.*, 134 F. App'x 320, 324 (11th Cir. 2005) ("Congress has not abrogated

immunity for claims brought pursuant to § 1983, the ADEA, or the ADA."). Georgia

hasn't waived its immunity, either. *See Rooks v. Altamaha Tech. Coll.*, No. CV206-72, 2007 WL 2331830, at \*2 (S.D. Ga. Aug. 13, 2007) (discussing O.C.G.A. § 50-21-23(b) which describes the limited circumstances where Georgia has waived its immunity); *see also Alyshah v. Georgia*, 239 F. App'x 473, 474 (11th Cir. 2007).

Second, Defendants correctly argue that only "persons" can be sued under § 1983. Over 30 years ago, the United States Supreme Court made it abundantly clear that defendants sued in their official capacities are not "persons" for § 1983 purposes. *See Will*, 491 U.S. at 71. Bottom line, Plaintiff can't bring any § 1983 claim against Defendants in their official capacity via § 1983.

Similarly, as the Defendants correctly lay out, Georgia law bars any claims Plaintiff brings against Defendants in their official capacity under state law. Like Plaintiff's § 1983 claims, Defendants cannot be sued in their official capacities in federal court without specific waiver by the state. *Stroud v. McIntosh*, 722 F.3d 1294, 1302 n.3 (11th Cir. 2013); *see also Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003). Under the Georgia Tort Claims Act, Georgia specifically reserved its immunity from suit in federal court. *See* O.C.G.A. §§ 50-21-23(b); 50-21-28. As such, Plaintiff's state-law official capacity claims against Defendants simply fail.

Accordingly, the Court **DISMISSES** any claim against Defendants in their official capacities.

### B.      Exhaustion of Administrative Remedies

While Plaintiff's Complaint does not clearly outline the legal basis for most

claims, § 1983 provides the only procedural vehicle for Plaintiff to assert Constitutional

claims. *See generally Porter v. White*, 483 F.3d 1294 (11th Cir. 2007). As such, Plaintiff

correctly notes that § 1983 litigation does not typically require administrative

exhaustion. *See Houghton v. Shafer*, 392 U.S. 639 (1968). But, after Congress enacted the

Prison Litigation Reform Act, 42 U.S.C. § 1997e, it mandated exhaustion for prisoners.

*See Woodford v. Ngo*, 548 U.S. 81 (2006). In evaluating whether a plaintiff exhausted all

administrative remedies, a court can look beyond the pleadings to any evidence

presented. *See Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008).

In this case, the record shows that Plaintiff submitted two grievances while at

MSP. Plaintiff's first grievance, dated October 16, 2020, complained of the attack.  The

warden rejected the grievance as untimely, and the central office later affirmed the

warden's decision. [Doc. 26-2, Jefferies Decl., ¶ 12–16]; [Doc. 26-2, p. 33]. Because

Plaintiff didn't file his grievance in time, he failed to exhaust the remedies available to

him regarding his claims based on the attack he suffered. *See Woodford*, 548 U.S. at 88;

*see also Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir. 2005) (holding that untimely

grievances do not meet the requirement for exhausting administrative remedies).[2]

---

[2] As for the second grievance regarding the denial of physical therapy, Defendants concede that Plaintiff properly exhausted his remedies. [Doc. 26, p. 7].

Accordingly, the Court **DISMISSES** any claim regarding the attack alleged in his

Complaint as Plaintiff clearly failed to exhaust administrative remedies before he filed

suit.

### C.        42 U.S.C. § 1983 Liability

As outlined above, Plaintiff only exhausted his administrative remedies for his

claim related to his physical therapy; therefore, only that claim survives. But, even

assuming, *arguendo*, that Plaintiff did exhaust administrative remedies for all claims—

including the attack—his § 1983 claims still fail.

### 1.        § 1983 Claims Based on Attack

At the outset, "it is not . . . every injury suffered by one inmate at the hands of

another that translates into a constitutional liability for prison officials for the victim's

safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1993). Rather, to establish a violation,

Plaintiff must show a "substantial risk of harm, of which the official is subjectively

aware, exists and the official does not respond reasonably to the risk." *Marsh v. Butler*

*Cnty.*, 268 F.3d 1014, 1028 (11th Cir. 2001) (quoting *Farmer*, 511 U.S. at 844). Mere

negligence isn't enough. *See Brown v. Smith*, 813 F.2d 1187 (11th Cir. 1987). Critically,

Plaintiff's Complaint fails to allege that any Defendant knew of any risk to Plaintiff.

Therefore, any direct § 1983 claim fails.

Further, because Plaintiff does not allege that Defendants actively participated in

the attack or were even present during the incident, Plaintiff's § 1983 claim must rely on

supervisor liability. But, Defendants again correctly argue that Plaintiff's claims against

them as supervisors warrant dismissal.

To be liable as a supervisor, an individual must (1) personally participate in the

unconstitutional conduct, or (2) have some causal connection between their acts and the

alleged constitutional deprivation. *See Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir.

2003). To meet that causal-connection requirement, Plaintiff must show that (1) the

supervisor was on notice, by history of widespread abuse, of the need to correct a

practice and failed to do so, (2) a policy or custom that resulted in deliberate

indifference, (3) the supervisor directed a subordinate to act unconstitutionally, or (4)

the supervisor knew of a subordinate's unlawful conduct and failed to stop it. *Id.* But

these deprivations and violations must be "obvious, flagrant, rampant and of continued

duration[.]" *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999).

Plaintiff failed to allege sufficient facts to meet any of the above standards.

Instead, Plaintiff's allegations show—at most—scattered incidents of inmate deaths that

occurred as a result of violence, suicide, and homicide. *See* [Doc. 1, ¶ 30]. Moreover,

only three of the eight deaths that Plaintiff does allege occurred *before* Plaintiff's attack.

[*Id.*]. As such, Plaintiff simply doesn't allege a pattern of abuse that is so rampant and

flagrant to allow supervisor liability.

Next, Plaintiff does not allege that any Defendant personally participated in the

attack, that they directed a subordinate to participate in or carry out the attack, or that

they knowingly failed to stop a subordinate from acting unlawfully. Simply stating that

"Defendants have final authority over each inmate's duration of confinement, the

conditions of confinement and the staffing personnel at MSP" falls well short of the

pleading requirement necessary to sustain a supervisor-liability claim. [Doc. 1, ¶ 34].

To the extent that Plaintiff asserts a failure-to-train claim, he again fails to lay out

facts that tend to show that any Defendant exhibited the required deliberate

indifference. Under a failure-to-train claim, a supervisor can be held liable "only where

the failure to train amounts to deliberate indifference to the rights of persons with

whom the [officers] come into contact." *City of Canton v. Harris*, 483 U.S. 378, 388 (1989).

Therefore, to maintain such a claim, Plaintiff needed to show that Defendants had

"actual or constructive notice that a particular omission in their training program causes

[his or her] employees to violate . . . rights." *Connick v. Thompson*, 563 U.S. 51 (2011).

Instead of meeting this burden, Plaintiff's Response only concludes that "numerous

incidents have occurred due to these understaffing issues." [Doc. 28, p. 13]. That does

not show deliberate indifference on the part of any Defendant.

Likewise, Plaintiff's failure-to-secure claim is premised on the same

understaffing problems he complains of throughout his Complaint and Response. [*Id.*].

But, to properly assert a § 1983 claim for understaffing and underfunding, which

underpins this particular claim, Plaintiff needed to allege facts to show that Defendants

understaffed MSP with the "requisite deliberate indifference to its known or obvious

consequences." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). In other words,

Plaintiff needed to allege more than a generalized complaint about understaffing.

Rather, he needed to show "that the supervisors were deliberately indifferent to

whether understaffing would result in constitutional violations." *West v. Tillman*, No.

04-0100-KD-M, 2006 WL 2052520, at *12 (S.D. Ala. July 21, 2006). Plaintiff failed to

present any facts to that effect. Instead, he only provided legal conclusions. *See* [Doc. 1,

¶ 32 ("Defendants violated Plaintiff's . . . rights . . . when [they] failed to provide secure

housing and the in-deliberate [*sic*] indifference to prisoner's rights created by the

environment at MSP.")]. That is not enough to state such a claim.

### 2.        § 1983 Claims Based on Physical Therapy Treatment

As the State concedes, Plaintiff properly exhausted his administrative remedies

regarding his alleged illegal denial of his physical therapy treatment. The Court now

turns specifically to the merits of that claim.

But once again, Plaintiff's Complaint does not allege which, if any, of the

Defendants supposedly denied him that treatment. In order to prevail on his physical

therapy claim, Plaintiff needed to assert "acts or omissions sufficiently harmful to

evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97,

106 (1976). He fails to carry that burden. Instead, he just summarily concludes that

"[Plaintiff] has been denied his medication refill and was denied physical therapy

treatment for a year." [Doc. 1, ¶ 24]. Such conclusory pleading fails to show deliberate

indifference to a medical need, which requires (1) subjective knowledge of a risk of

serious harm; (2) disregard of that risk; and (3) by conduct that is more than gross

negligence. *Goodman v. Kimbrough*, 718 F.3d 1325, 1331–32 (11th Cir. 2013). Therefore,

Plaintiff's physical therapy claim fails.

In short, Plaintiff's Complaint essentially lists facts on one side and Defendants

on the other, leaving out the pieces to help tie together that puzzle. Even though the

Court is under no obligation to do so, it tried to put the puzzle together. But despite its

efforts, the Court couldn't arrange the limited pieces into any viable § 1983 claims.

Therefore, the Court **DISMISSES** Plaintiff's § 1983 claims.

### D.      Due Process Claims[3]

Plaintiff's Complaint also seems to allege various due process violations—but

each one fails. First, Defendants correctly argue that substantive due process is not

some sort of a catch-all category of constitutional claim meant to replace particularized

textual sources of constitutional protection. *See Albright v. Oliver*, 510 U.S. 266 (1994).

Therefore, to the extent Plaintiff brings any claims regarding his health, safety, or

conditions of confinement, he must bring it under the Eighth Amendment, not the

Fourteenth Amendment. *See Brown*, 813 F.2d at 1187.

---

[3] The Court notes that Plaintiff mentions an equal protection claim in his Response. [Doc. 28, p. 14].
However, there is no such claim in his Complaint, nor any facts that come close to sustaining that claim.
Accordingly, the Court need not address it. *See Rosenburg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009)
(holding that plaintiffs cannot amend their complaint through a response to a motion to dismiss).

Second, Plaintiff fails to specifically identify any liberty or property interest that

he allegedly lost. *See Cook v. Randolph Cnty.*, 573 F.3d 1143 (11th Cir. 2009). Instead of

alleging facts—or in his Response, citing law—Plaintiff just summarily concludes that

"Defendants violated Plaintiff's constitutional rights . . . including the guarantee of

substantive and procedural due process." [Doc. 1, ¶ 35]. That is not enough to state a

claim.

To sustain a procedural due process claim, Plaintiff needed to show (1)

deprivation of a constitutionally protected liberty or property interest; (2) state action;

and (3) constitutionally-inadequate process. *Arrington v. Helms*, 438 F.3d 1336, 1347

(11th Cir. 2006). In his Complaint and Response, Plaintiff doesn't clearly point to the

liberty or property interests that the state supposedly deprived without due process. It

appears he tries to make the argument that he didn't receive proper due process after

the incident. [Doc. 28, p. 17]. However, prison grievance procedures are neither

constitutionally mandated nor guaranteed. *See Baker v. Rexroad*, 159 F. App'x 61 (11th

Cir. 2005). Therefore, any handling of those procedures does not create a basis for due

process relief. *See O'Brien v. Seay*, No. 5:04cv228-SPM/EMT, 2007 WL 788457, at *4 (N.D.

Fla. March 12, 2007) ("Plaintiff does not have a constitutionally protected interest in the

grievance procedure so as to implicate a liberty or property interest for which due

process applies.").

Accordingly, the Court **DISMISSES** Plaintiff's procedural and substantive due process claims.

### E.   State Law Claims[4]

Plaintiff also seems to allege violations of Georgia law, although he never identified their statutory basis. As discussed earlier, Plaintiff's official-capacity claims fail because Georgia law does not permit such claims in federal court.

Plaintiff's state law tort claims against Defendants in their individual capacities also fail. *See* O.C.G.A. § 50-21-25(b) (requiring a plaintiff to "name as a party defendant only the state government entity for which the state officer or employee was acting" and not "name the state officer or employee individually."). Lastly, any claim based solely on the Georgia Constitution fails, as there is no equivalent to § 1983 under Georgia law. *See Howard v. Miller*, 222 Ga. App. 868, 872 (1996).

Plaintiff failed to adequately respond to any of these authorities, citing only outdated Georgia caselaw that provides a distinction between ministerial and discretionary acts. But, as Defendants point out, that distinction no longer exists under the Georgia Tort Claims Act as it relates to state officers. O.C.G.A. § 50-21-22; *Brantley v. Dep't of Hum. Res.*, 271 Ga. 679 (1999). Instead, Plaintiff needed to allege that Defendants acted outside the scope of their duties and are therefore liable. *Id.* However, Plaintiff

---

[4] The Court notes that these state law claims were not raised in the operative Complaint, and Plaintiff did not seek leave to amend his Complaint to add them. As such, the Court is under no obligation to review them. *See Rosenburg*, 554 F.3d at 967. But the Court does so out of an abundance of caution.

fails to make any such allegations. *See generally Hagan v. Ward*, No. 5:22-cv-00107-TES, 2022 WL 1632158, at \*8 (M.D. Ga. May 23, 2022). Because he fails to allege that Defendants acted outside the scope of their employment, the proper defendant is the "agency employing them," not the individual officers. *Hartley v. Agnes Scott Coll.*, 295 Ga. 458, 462–65 (2014). Even if Plaintiff corrected that error, though, Eleventh Amendment immunity bars that suit in this Court. *Id.*; *see also Hagan*, 2022 WL 1632158, at \*8.

Thus, to the extent that Plaintiff raises Georgia law claims, they are **DISMISSED**.

<u>**CONCLUSION**</u>

Based upon the foregoing, the Court **GRANTS** Defendants' Motion to Dismiss [Doc. 26] and **DISMISSES** Plaintiff's Complaint [Doc. 1] in its entirety.

**SO ORDERED**, this 3rd day of November, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**